UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COCKETT MARINE OIL LIMITED | CIVIL ACTION |
| v. | NO. 11-464 |
| M/V LION, her engines, tackle, appurtenances, etc., *in rem*, and CHARBONS ET FUELS UK, Ltd., CHARBONS & FUELS, SAS, ELMAR SHIPPING CO., S.A., and EVANDROS NAVIERA, *in personam* | SECTION "F" |

                          ORDER AND REASONS

     Before the Court is defendant Evandros Compania Naviera SA, Panama's motion for damages due to wrongful arrest.  For the reasons that follow, the motion is GRANTED.

                              **Background**

     The facts of this case are more completely set forth in this Court's May 12, 2011 Order and Reasons, which vacated the maritime arrest and attachment instituted by Cockett Marine Fuel Limited. See Cocket Marine Oil Ltd v. M/V LION, No. 11-464, 2011 WL 1833286, at *1-3 (E.D. La. May 12, 2011).  In its prior motion seeking to vacate the vessel's arrest and attachment, Evandros Compania Naviera S.A., Panama requested damages in the event the Court determined the arrest was wrongful; however, in its Order and Reasons, the Court noted "[t]o the extent Evandros seeks damages for bad faith arrest and attachment the Court denies without prejudice that request as insufficiently supported."  Id. at 6 n.9.

                                   1

Evandros now renews its request for damages for the wrongful arrest of the M/V LION.

I.

Damages for Wrongful Arrest

"Maritime law controls the substantive law of maritime seizures and requires that damages be awarded only on a showing of 'bad faith, malice, or gross negligence.'" Marastro Compania Naviero v. Canadien MaritimeCarriers, Ltd., 959 F.2d 49, 53 (5th Cir. 1992)(The party pursuing a claim for wrongful arrest bears the burden of demonstrating that the arresting party acted with "bad faith, malice, or gross negligence."). "It also establishes that 'advice of competent counsel, honestly sought and acted upon in good faith is alone a complete defense to an action for malicious prosecution.'" Id. (quoting Frontera Fruit Co. v. Dowling, 91 F.2d 293, 297 (5th Cir. 1937)).[1] Finding that the plaintiff involved in the cargo seizure relied on the advice of counsel, the Fifth

---

[1]As the Fifth Circuit has observed:

> The reasons for the award of damages [for wrongful arrest] are analogous to those in cases of malicious prosecution. The defendant is required to respond in damages for causing to be done through the process of the court that which would have been wrongful for him to do himself, having no legal justification therefor and acting in bad faith, with malice, or through wanton disregard of the legal rights of his adversary.

Frontera Fruit Co. v. Dowling, 91 F.2d 293, 297 (5th Cir. 1937).

Circuit in <u>Marastro</u> affirmed the trial court's conclusion that no damages were warranted because the plaintiff acted in good faith and did not show a wanton disregard for the rights of the cargo owner or time charterer.  <u>Id.</u>  Where there is a "bona fide dispute over the validity of [the] lien" and "the parties could have legitimately and honestly believed the lien would stand up", the Fifth Circuit has held that a party has acted in good faith.  <u>See</u> <u>Cardinal Shipping Corp. v. M/S Seisho Maru</u>, 744 F.2d 461, 475 (5th Cir. 1984).

## II.

Evandros contends that it is entitled to damages for wrongful arrest because:

(1) Cockett knew when it filed its complaint that it had no contractual relationship with Evandros and no lien under any law;
(2) Cockett knew that the LION was owned by Evandros, not by Charbons France; therefore, Cockett could not have legitimately believed that it could attach the LION under Rule B to secure an in personam claim against Charbons;
(3) Cockett knew that its own Standard Terms and Conditions dictated that "all claims and disputes arising under or in connection with the Agreement shall be governed by English law" but omitted any mention of this clause from its original verified complaint and asserted a lien that is well-known not to exist under English law;
(4) Cockett knew it had contracted exclusively with Charbons France for its provision of bunkers to the LION, and that it did not possess any evidence to suggest that Charbons France was the charterer of the vessel or an alter ego of the LION's true charterer; nonetheless, ignoring the selection of English law, Cockett asserted a lien claim under U.S. law premised on the fact that it supplied bunkers on the order of the vessel's charterer;
(5) Cockett failed to obtain a movement order at the time of the LION's arrest, and its foreign principals rejected numerous attempts by Evandros to provide security for claims against

3

> Evandros and Elmar during the early hours of the LION's seizure; by effectively demanding that Evandros post security for Charbons France's liability, Cockett extended the LION's arrest until she was unable to meet her sailing schedule, needlessly ratcheting up both the pressure on Evandros and the monetary damages it would incur.

Evandros seeks an award of damages to compensate it for loss of charter hire, interest on its bond, and attorney's fees and costs. Cockett maintains that damages for wrongful arrest are unwarranted where, as here, it relied in good faith on the advice of counsel and there was a bona fide dispute over the validity of the lien.

The Court finds that Evandros has sufficiently supported its claim that Cockett, notwithstanding its purported reliance on counsel, acted at least with gross negligence in pursuing the arrest and attachment of the LION in the face of the facts it knew or should have known when it filed its original verified complaint. Viewed cumulatively, the facts underlying Cockett's wrongful arrest and attachment show at least gross negligence that is not saved by a reliance on counsel.[2]  First, Cockett's own Standard Terms and Conditions chose English law; Cockett was charged with knowledge of the terms of its own contract.  Second, it is undisputed that

---

[2] Indeed, as one district court has observed, "the requirement that a claimant act on counsel's advice 'in good faith,' merely begs the question[:] did Plaintiff, indeed, act on the advice in good faith?" Coastal Barge Corp. v. M/V MARITIME PROSPERITY, 901 F. Supp. 325, 329 (M.D. Fla. 1994)(determining that shipowner, which acted in bad faith by failing to advise the court that it had promised vesselowner that it would not re-arrest the vessel, was liable for wrongful arrest damages).

English law does not recognize a maritime lien for necessaries. Third, Cockett submitted no support for its assertion that the Liens provision contained in its Standard Terms and Conditions could trump the unqualified choice of English law.[3]  Fourth, Cockett failed even to state an *in personam* claim against Evandros; there was no evidence of any agreement linking Evandros to Cockett so as to support a breach of contract claim and this Court has also already determined that Cockett could have discovered that its conversion/unjust enrichment claim against Evandros was based on wrong factual assertions.  Fifth, Cockett failed to obtain a movement order at the time of the LION's arrest, which caused the

---

[3]The Court notes that it denied Evandros's motion to expedite the hearing on its motion to vacate arrest, in part based on Cockett's opposition to the motion to vacate, in which Cocket represented that:

> In fact, this in rem claim requires the resolution of several complicated issues that involve international choice of law issues, the application of either English, Russian, Greek, Panamanian or United States law, a potentially insolvent charterer, and a vessel owner that converted Cockett's bunkers for the beneficial use of the vessel after the initial charter was terminated. As such, responding to defendant's Motion may require affidavits from Russian, Greek, Panamanian or English legal experts, significant research and a reasoned discussion of the various legal issues.

In spite of this, no such complicated issue of international choice of law was presented to the Court for resolution and no affidavits from international legal experts were submitted in support of Cockett's claim. Instead, the parties' post-arrest submissions on the facts and law made clear that there was no probable cause for the vessel's arrest or attachment.

5

LION to miss her berthing out of the Port of New Orleans. Sixth, Cockett has persisted in its efforts to arrest (or its equivalent under foreign law) the LION in an attempt to recover on the same claim it pursued before this Court. Additionally, Cockett's prayer for arrest omitted significant facts including the existence of a choice of law provision and the absence of a contract with Evandros. This Court has already determined that Cockett lacked probable cause in arresting or attaching the vessel; under the circumstances here, in which Cockett has aggressively sought to recover from Evandros (without any support in fact or law) what another party apparently owes, damages for wrongful arrest are warranted.

Accordingly, IT IS ORDERED: that Evandros's motion for damages due to wrongful arrest is GRANTED; Evandros is entitled to recover damages in the form of lost charter hire, interest on its bond, and reasonable legal costs and fees. Evandros submits evidence supporting that the amount of these damages totals $96,258.33. IT IS FURTHER ORDERED: that Evandros submit a proposed judgment in accordance with this Court's Order and Reasons. Any dispute as to quantum will be referred to the magistrate judge.

New Orleans, Louisiana, July 21, 2011

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE